1
2
3
4
5

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL J. TAYLOR, et al., | **Case No.  1: 13-cv-01613-AWI-SKO** |
| Plaintiffs, | **SCHEDULING ORDER REGARDING CLASS CERTIFICATION DEADLINES** |
| v. | Amendments to Pleadings: April 30, 2014 |
| ALLIEDBARTON SECURITY LP, | Initial Disclosures: May 15, 2014 |
| Defendant. | Class Certification Discovery Deadline: July 18, 2014 |
| | Motion for Class Certification Filing Date: August 25, 2014 |
| | Hearing on Class Certification: October 14, 2014, at 1:30 p.m. Courtroom 2 |

This Court conducted a scheduling conference on April 17, 2014.  Counsel David Zelenski, Esq. appeared telephonically on behalf of Plaintiffs Nathaniel J. Taylor and Harry L. Harrison.  Counsel Jeremy Naftel, Esq. appeared telephonically on behalf of Defendant AlliedBarton LP.  Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

**1.      Important Information about Scheduling and Trailing**

District Court Judges of the Fresno Division of the Eastern District of California currently have the heaviest caseload in the nation. As a result, each District Judge schedules multiple trials to begin on each available trial date.  Civil cases will "trail" and begin as soon as a courtroom is

cleared.  The law requires that the Court give any criminal trial priority over civil trials or any other matter. A civil trial set to begin while a criminal trial is proceeding will trail the completion of the criminal trial.

Without the ability to definitively predict which cases will actually go to trial or precisely how long each will last, the Court cannot provide advance notice of which cases will trail or for how long.  Once the trial date arrives, counsel, parties and witnesses must remain on 24-hour standby until a court is available.  Since continuance to a date certain will simply postpone, but not solve the problem, continuances of any civil trial under these circumstances will no longer be entertained, absent a specific and stated finding of good cause.

The parties are also informed that in response to its large caseload, the Fresno Division of the Eastern District of California is assigning cases, whenever possible, to Article III District Court Judges from around the nation as Visiting Judges.  Pursuant to the Local Rules, Appendix A, such reassignments will be random, and the parties will receive no advance notice before their case is reassigned to an Article III District Court Judge from outside of the Eastern District of California.

The parties are reminded that they may ***consent to a United States Magistrate Judge*** to conduct all proceedings, including trial and entry of final judgment, pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule 305.  The Eastern District Magistrate Judges, all experienced former trial lawyers, use the same jury pool and same court facilities as United States District Court Judges.  Since Magistrate Judges do not conduct felony trials, they have greater flexibility and schedule ***firm trial dates***.  Judgment entered by a United States Magistrate Judge is appealable directly to the United States Court of Appeals for the Ninth Circuit[1].

## 2.  Current Status of Consent to the Magistrate Judge Jurisdiction

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Sheila K. Oberto, U.S. Magistrate

---

[1] While there are scheduling benefits to consenting to Magistrate Judge jurisdiction, substantive rulings and decisions will not be affected whether or not a party chooses to consent.

1  Judge.

2  **3.      Amendments to the Parties' Pleadings**

3          The parties do not anticipate any amendments to the pleadings at this time.  Any motions

4  or stipulations requesting leave to amend the pleadings must be filed by no later than April 30,

5  2014.  The parties are advised that filing motions and/or stipulations requesting leave to amend

6  the pleadings by April 30, 2014, does not reflect on the propriety of the amendment or imply

7  good cause to modify the existing schedule, if necessary.  All proposed amendments must (A) be

8  supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any

9  modification to the existing schedule, *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

10 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not

11 (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or

12 (4) futile, *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

13 **4.      F.R.Civ.P. 26(a)(1) Initial Disclosures**

14         Initial disclosures shall be completed on or before

15         May 15, 2014.

16 **5.      Discovery Cutoff and Limits**

17         The parties are ordered to complete all class certification discovery on or before

18 July 18, 2014.[2]  Discovery at this time is limited to matters related to collective action class

19 certification of Plaintiffs' Fair Labor Standards Act claim.  The parties are reminded that informal

20 discovery dispute resolution is available as discussed at the scheduling conference.  The parties

21 shall complete class certification discovery by the deadline, but discrete disputes regarding

22 discovery may be entertained by informal telephonic conference for a reasonable time after the

23 discovery deadline.

24         **Counsel must comply with Local Rule 251 with respect to discovery disputes or the**

25 **motion will be denied without prejudice and dropped from calendar.**  The Magistrate Judge

26 may grant applications for an order shortening time pursuant to Local Rule 144(e).  However, if

27

28 [2] Pursuant to an April 1, 2014, order from this court (*see* Doc. 24), the remaining six state law claims are stayed pending resolution of previously-filed cases in other jurisdictions.

3

counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251. A copy of the joint statement shall also be sent to Judge Oberto's chambers by email to SKOorders@caed.uscourts.gov.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

**6.    Class Certification Briefing Deadlines**

The motion for class certification shall be filed on August 25, 2014. Defendant shall file any opposition to the motion no later than September 22, 2014. Plaintiffs shall file any reply to the opposition no later than October 3, 2014. The parties are further directed to submit a digital copy of their briefs on the motion in Word format directly to Judge Ishii's chambers by email at AWIorders@caed.uscourts.gov.

**7.    Motion for Class Certification**

The hearing on the motion for class certification is set for    October 14, 2014, at 1:30 p.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Judge.

**8.    Further Scheduling Deadlines**

Following the District Court's decision on Plaintiff's motion for class certification, the Court, as necessary, will set a status conference to set further scheduling deadlines.

**9.    Related Matters Pending**

There are no pending related matters.

**10.    Compliance with Federal Procedure**

All parties are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

///

///

4

**11.    Effect of this Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  The hearing date is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.


IT IS SO ORDERED.

Dated:   **April 23, 2014**                          **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE

5